Gloria DORSEY, individually and on be-
half of all other persons similarly
situated, Plaintiffs,

v.

COMMUNITY STORES CORPORATION
et al., Defendants.

Gloria TAYLOR, individually and on be-
half of all other persons similarly
situated, Plaintiffs,

v.

NELSON BROS. FURNITURE CO., Inc.,
an Illinois corporation, individually and
on behalf of all other persons similarly
situated, Michael S. Wolke, individually
and as Sheriff, Milwaukee County, Wis-
consin, and on behalf of all Sheriffs and
Deputy Sheriffs of the State of Wiscon-
sin, and James R. Krause, individually
and as Deputy Sheriff, Milwaukee Coun-
ty, Wisconsin, Defendants.

Nos. 70-C-516, 70-C-551.

United States District Court,
E. D. Wisconsin.

March 17, 1971.

Thomas Crandall, of Milwaukee Legal
Services, Milwaukee, Wis., for plaintiffs.

Foley & Lardner, Milwaukee, Wis., for
Nelson Bros.

Alan Goldberg, Milwaukee, Wis., for
Community Stores.

Robert P. Russell, Corporation Coun-
sel, Milwaukee County, by Karl M.
Dunst, Asst. Corp. Counsel, Milwaukee,
Wis., for Wolke and Krause.

Before KERNER, Circuit Judge, and
REYNOLDS and GORDON, District
Judges.

PER CURIAM.

The defendant, Nelson Bros. Furni-
ture Co., Inc., and also the defendants

Wolke and Krause, have moved for dismissal. Briefs were submitted and the three-judge court heard the arguments of counsel.

The principal contention of Nelson Bros. Furniture Co., Inc., is that it is not chargeable under 42 U.S.C. § 1983 because its conduct was not done "under color of state or federal law." In addition, Nelson Bros. has also asked that the case against it be severed from that against Mr. Wolke and Mr. Krause.

Nelson Bros. states that it is not interested in litigating the constitutionality of Chap. 265, Wis.Stats.; in asking that the complaint against it be separated, Nelson Bros. also proposes that this court's ruling in its case be stayed pending the decision of the United States Supreme Court in Fuentes v. Faircloth, 317 F.Supp. 954 (S.D.Fla.1970). In the latter case, a divided three-judge district court upheld the constitutionality of the Florida replevin statute.

■ We believe that the request of the defendant Nelson Bros. for both separation and a stay is appropriate. However, the stay will be granted only as to the case against the separated defendant Nelson Bros.

■ The defendants Wolke and Krause have urged that their motion for dismissal should be granted because of an absence of subject matter jurisdiction in this court. Insofar as the complaints seek declaratory and injunctive relief against the defendants Wolke and Krause, we believe there is jurisdiction in this court under Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). This is true notwithstanding the contention that the repossessions were peaceable in the case at bar. The motions for dismissal by Wolke and Krause must be denied.

At the oral argument, counsel for the plaintiffs informed the court that a motion for summary judgment was contemplated on behalf of the plaintiffs. Upon the submission of such motion, the court will establish a briefing schedule and will later determine whether oral arguments will be entertained.

At the hearing, counsel for the plaintiffs also noted that they had applied for a preliminary injunction in this matter. Although the matter was not argued extensively, the court is of the opinion that it has a sufficient familiarity with the issues at bar to resolve this question. We have concluded that the plaintiffs' application for a preliminary injunction should be denied.

Now, therefore, it is ordered:

1. That the motion of the defendant Nelson Bros. for a severance under Rule 20(b), Federal Rules of Civil Procedure, be and hereby is granted and that further proceedings therein be stayed to abide the decision of the United States Supreme Court in Fuentes v. Faircloth.

2. That the motions of the defendants Wolke and Krause for dismissal be and hereby are denied.

3. That the plaintiffs' motion for a preliminary injunction be and hereby is denied.