Gloria **DORSEY**, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

**COMMUNITY STORES CORPORATION** et al., Defendants.

Gloria **TAYLOR**, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

**NELSON BROS. FURNITURE CO.,** Inc., et al., Defendants.

**Nos. 70–C–551, 70–C–516.**

United States District Court, E. D. Wisconsin.

June 6, 1972.

**104**

Milwaukee Legal Services by Mark E. Wilson, and Thomas D. Crandall, Milwaukee, Wis., for plaintiffs.

Karl M. Dunst, Asst. Corp. Counsel, Wolke & Krause, Foley & Lardner, by Lawrence J. Bugge and Robert A. Christensen, Milwaukee, Wis., for defendants.

Before SWYGERT, Chief Judge, and REYNOLDS and GORDON, District Judges.

## DECISION and ORDER

These cases present a challenge to the constitutionality of the Wisconsin replevin statutes. Wis. Stats. §§ 265.01–265.13. Plaintiffs have moved for summary judgment, and the matter has been fully briefed by the parties.

The challenged Wisconsin statutes permit a plaintiff in a replevin action, upon the filing of an appropriate affidavit and bond, to cause the sheriff of the county in which the property is located "to take the same from the defendant and deliver it to the plaintiff." (§ 265.-03). It is also provided that if the property be in a building or enclosure, the sheriff is directed to demand its delivery and "if it be not delivered he shall enter and take the property." (§ 265.-09). The statute does not require that a warrant be sought from a judicial officer, nor is there any provision for a hearing in advance of the seizure.

Although the defendants suggest that there are factual disputes in these cases, we conclude that there are none of any significance to our decision. It is clear from the record in this case that the plaintiffs purchased certain household furniture under installment sales contracts, and, in compliance with the statute, the vendors caused the furniture (e. g., beds, sofas, a refrigerator, a gas stove) to be repossessed. This was accomplished by a deputy sheriff's going to each of the plaintiffs' residences and obtaining entry to the premises from each of the plaintiffs upon disclosing the purpose of his visit. Neither plaintiff resisted the repossession, although the plaintiff Dorsey attempted to demonstrate to the deputy sheriff that she had proper receipts for payments.

We conclude that the Wisconsin replevin statutes are unconstitutional in that they authorize the taking of property without affording procedural due process; we also believe the statute is unconstitutional in that it permits a warrantless seizure in violation of the fourth amendment. We recognize that there is a division of authority on the part of other courts which have considered the constitutionality of pre-judgment seizures. The issue is currently pending before the United States Supreme Court, Fuentes v. Shevin, No. 70–5039, argued November 9, 1971. On March 17, 1971, this court stayed this action as to the defendant Nelson Bros. pending the decision of the Supreme Court in Fuentes. 52 F.R.D. 13, 14 (E. D.Wis. 1971).

## PROCEDURAL DUE PROCESS

■ Although the Wisconsin statute contains a number of provisions protective to the purchaser, it does not afford such purchaser a reasonable opportunity, via either notice or hearing, to contest the validity of the seizure before it takes place. We believe that before one may be deprived of basic household furniture such as a bed or a stove, he is entitled to a notice and an opportunity to be heard. Hall v. Garson, 430 F.2d 430 (5th Cir. 1970); Osmond v. Spence, 327 F.Supp. 1349 (D.C. Del. 1971); Laprease v. Raymours Furniture Co., 315 F.Supp. 716 (N.D.N.Y. 1970); Klim v. Jones, 315 F.Supp. 109 (N.D. Cal. 1970); Swarb v. Lennox, 314 F.Supp. 1091 (E.D. Pa. 1970), prob. juris. noted, 401 U.S. 991, 91 S.Ct. 1220, 28 L.Ed.2d 529 (1971); but see Epps v. Cortese, 326 F.Supp. 127 (E.D. Pa. 1971), prob. juris. noted, 402 U.S. 994, 91 S.Ct. 2185, 29 L.Ed.2d 159 (1971), and Fuentes v. Faircloth, 317 F.Supp. 954 (S.D. Fla. 1970), prob. juris. noted, 401 U.S. 906, 91 S.Ct. 893, 27 L.Ed.2d 804 (1971).

In the absence of some valid governmental interest which would justify the taking of such personal property, there must be an opportunity for a hearing in advance of the taking. Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). See also Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

## SEARCH and SEIZURE

■ In authorizing the sheriff to enter and take property without a warrant, the statute·violates the plaintiffs' rights under the fourth amendment. The latter's protection against unreasonable searches and seizures is incorporated in the fourteenth amendment and applicable to the states. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

Although the plaintiffs in the case at bar did not resist the sheriff's removal of their household furnishings from their homes, we do not believe it can be said that they consented to such seizures. It is far more probable that entry was gained "under color of office." Johnson v. United States, 333 U.S. 10, 13, 68 S.Ct. 367, 368, 92 L.Ed. 436, (1948). It is unrealistic to believe that the householder's acquiescence to the sheriff's entrance implied a waiver.

We distinguish the entry in the cases at bar from that before the United States Supreme Court in Wyman v. James, 400 U.S. 309, 91 S.Ct. 381, 27 L. Ed.2d 408 (1971). In that case, the court approved a caseworker's entry to a home of a welfare recipient. However, in *Wyman* there was prior notice to the welfare recipient; forceable entry was expressly prohibited. Neither protective factor is present in the Wisconsin statute in question. In addition, the entry in *Wyman* was to protect a public interest, whereas in the case at bar, only private interests are at stake.

## CONCLUSION

We conclude that the Wisconsin replevin statute is unconstitutional and may not be enforced. The plaintiffs, on behalf of themselves and the class they represent, are entitled to the protection of injunctive relief.