Rolando Santin **ARIAS** et al., Plaintiffs,

v.

**EXAMINING BOARD OF REFRIGERATION AND AIR CONDITIONING TECHNICIANS, Defendants.**

Civ. No. 264-72.

United States District Court,
D. Puerto Rico.

Nov. 20, 1972.

Dr. Santos P. Amadeo, San Juan, P. R., for plaintiffs.

Jose A. Anglada-Segarra, for the Government of Puerto Rico, San Juan, P. R., for defendants.

Before COFFIN, Circuit Judge, and CANCIO and TOLEDO, District Judges.

## OPINION

CANCIO, Chief Judge.

This is an action brought by three refrigeration and air conditioning technicians requesting that Article 9(c)[1] of Law Number 36 of May 29, 1970, enacted by the Legislature of Puerto Rico, be declared unconstitutional. They request injunctive relief directed to the members of the Examining Board of Refrigeration and Air Conditioning Technicians, who are entrusted by the law with its enforcement.[2]

The law was enacted to regulate the trade of the air conditioning technicians. Prior to its existence, the trade was unregulated and could be practiced by anyone. By the law, entry into the trade is restricted. One of the conditions for entry is included in Article 9(c): United States citizenship. This is the only requisite with which we are concerned in this case.

The facts have been stipulated or admitted. Plaintiffs are natives of the Republic of Cuba and are not citizens of the United States. At the time of the enactment of Law 36, the plaintiffs, who

---

1. "Every person aiming to practice as a refrigeration and air conditioning technician in Puerto Rico must comply with the following requirements:
   (a) ................................
   (b) ................................

(c) *Be a citizen of the United States* and a resident of Puerto Rico for one (1) year." (Emphasis added.)

2. Articles 1 through 7 of Law 36 of May 20, 1970.

lived in Puerto Rico, were engaged in the practice of the trade sought to be regulated by the law. Once the law became effective, they requested a license to engage in their trade without undergoing an examination, as provided for by its Article 10,[3] and their request was denied because they failed to meet the citizenship requirement of Article 9, subsection (c),[4] as is also required by Article 10. Finally, it was admitted by the defendants that the plaintiffs fulfill all the requirements of the law to be admitted to the practice of the trade of refrigeration and air conditioning technician, except for the United States citizenship requirement of Article 9 subsection (c).

A three-judge district court was convened under Title 28 United States Code, Sections 2281–2284, over the opposition of the defendants. Defendants also filed a motion to dismiss and raised several affirmative defenses in their answer. Some of these defenses present preliminary issues which may be disposed of briefly. Those remaining, which are of substance, will be included in the discussion of the constitutional question presented.

■ In their complaint, plaintiffs aver that this action is brought "on their own behalf and on behalf of all persons similarly situated, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure." However, no attempt has been made to demonstrate that the requirements of the rule are met.[5] The Court is not therefore in a position to certify the case as a class action. The prayer to that effect is denied.

■ Another preliminary issue raised by the defendants is the applicability of the doctrine of abstention in this case. Since its expression in the case of Railroad Commission v. Pullman Company, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), it has been well settled that the doctrine is applicable only when the state court construction of the state law in question may obviate the need for a decision on the federal constitutional issues. Thus, some degree of uncertainty and the possibility of variance in the interpretation of the statute must be present to justify the abstention of a federal court. The doctrine is not properly invoked when the purpose is to have the local courts test the validity of the statute in the light of the federal constitutional claims. Its purpose is to allow the state or Commonwealth courts to interpret the statute in the light of the federal claim, so that a decision on federal constitutional grounds might be avoided. To that effect, the Supreme Court, in Fornaris v. Ridge Tool Co.,

---

3. "Likewise the Board shall issue a license without examination to every one who, at the effective date of this law, has been engaged as a refrigeration and air conditioning technician for a period of no less than one (1) year immediately prior to the effective date of this law, in a continuous and uninterrupted manner. Said persons must file their application for license without examination before the Board within an improrogable term of six (6) months immediately following the effective date of this law, setting forth among other things, the time, date and places in which he has engaged in his trade, accompanying evidence that during the aforesaid period of one (1) year he has been engaged in Puerto Rico in those functions proper to a refrigeration and air conditioning technician. *These persons must meet, moreover, the requirements provided by subsections (b), (c),* *and (g) of Article 9.* As to payment of fees, they are only to satisfy the two (2) dollars license fee in the manner herein provided for payment of fees." (Emphasis added.)

4. See Note 1, *supra*.

5. Rule 23(a) of the Federal Rules of Civil Procedure reads:
    "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

400 U.S. 41, 43, 91 S.Ct. 156, 157, 27 L. Ed.2d 174 (1970) stated:

> The question presented here is akin to that question, for we deal with a *rather vague Puerto Rican law that the Supreme Court of Puerto Rico has not authoritatively construed.* Only last Term in Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68, we held that a three-judge federal court should not have proceeded to strike down an Alaska law which, *if construed* by the Alaska Supreme Court, *might be so confined as not to have any constitutional infirmity.* We said, "A state court decision here . . . *could conceivably avoid any decision* under the Fourteenth Amendment and would avoid any possible irritant in the federal-state relationship." Id., at 86–87, 90 S.Ct. at 790. (Emphasis added.)

■ That is not the case here. We fail to see any conceivable way in which the Commonwealth courts can construe Section 9(c) of the statute to avoid the constitutional issues raised in this case. Consequently, abstention is not warranted here.

■ Defendants also suggest that the Examining Board of Refrigeration and Air Conditioning Technicians is not the proper party defendant. They do not suggest who they believe the proper one to be. No profound analysis is necessary to dispose of this question. The Examining Board is created by statute [6] and is composed of five members, appointed by the Governor of Puerto Rico.[7] Its duties, as defined by law, include the concession of licenses to engage in the trade,[8] giving of examinations to determine the fitness to engage in it [9] and, in general, to regulate and supervise its practice.[10] We fail to see any reason which might lead us to conclude anything but that the members of the

Board are the officers of the Commonwealth charged with the enforcement and execution of the statute and are clearly the party defendant contemplated in Title 28 United States Code, Section 2281.

Now that we have disposed of the threshold issues, we may enter into the substance of the case. Here, the validity of a classification which has been created by law to restrict the practice of a trade is questioned on equal protection and due process of law grounds.[11] It is undisputed, and even the authorities cited by the defendants so hold, that, in general, such classification must meet a standard of reasonableness. In 51 Am. Jur.2d, p. 53, Licenses and Permits, Section 47, it is stated:

> In accordance with *the general principles calling for reasonableness in licensing classification,* but subject to some exceptions, the courts will usually strike down licensing legislation that requires certain persons to take and pass an examination but that exempts other persons in the same classification who seek to pursue the same calling under similar circumstances. (Footnotes omitted; emphasis added.)

See also Kotch v. Board of River Pilot Commr's, 330 U.S. 552, 556, 67 S.Ct. 910, 91 L.Ed. 1093 (1947).

In a bar-admittance case, Schware v. Board of Bar Examiners, 353 U.S. 232, at 239, 77 S.Ct. 752, at 756, 1 L.Ed.2d 796 (1957), the Supreme Court expressed the doctrine, by stating that "[A]ny qualification *must have a rational connection with the applicant's fitness or capacity* to practice law." (Emphasis added.) In the same case, the Court made it clear that the due process and equal protection standards could not be violated when excluding a person from the practice of law or from *"any other occupation."* (Schware, *su-*

---

6. Article 1, Law 36, May 20, 1970.

7. Article 2, Laws 36, May 20, 1970.

8. Article 7(a).

9. Article 7(e), Article 8.

10. Articles 7–14.

11. There are other grounds which we do not reach due to the results arrived at.

pra, pp. 238–239, 77 S.Ct. 752; emphasis added.)

■■■ It is well settled that the constitutional guaranties to the equal protection of the laws and the right to due process of law apply to all persons, including aliens, who are within the territorial jurisdiction of the United States. Yick Wo v. Hopkins, 118 U.S. 356, 6 S. Ct. 1064, 30 L.Ed. 220 (1886); Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1915). Moreover, laws which discriminate on the basis of alienage have been considered by the Supreme Court as being suspect and subject to a close judicial scrutiny, in addition to having to meet the reasonableness standard. In this respect, in the case of Takahashi v. Fish and Game Commission, 334 U.S. 410, 68 S.Ct. 1138, 92 L.Ed. 1478 (1948), the Court referred to a general policy "that all persons lawfully in this country shall abide 'in any state' on an equality of legal privileges with all citizens under non-discriminatory laws." P. 420, 68 S. Ct. p. 1143. The Court stated further that "[T]he power of a state to apply its laws exclusively to its alien inhabitants as a class is confined within narrow limits." P. 420, 68 S.Ct. p. 1143.

In the case of Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971), the Court, in striking down a welfare statute which imposed a residency requirement made applicable only to non citizens, stated, in reference to the classification of aliens: "The classifications involved in the instant cases, on the other hand, are *inherently suspect* and are therefore *subject to strict judicial scrutiny* whether or not a fundamental right is impaired." (P. 376, 91 S.Ct. p. 1854; emphasis added.)

■ The general policy against discrimination based on alienage, as expressed in *Takahashi* and *Graham, supra,* and the narrow limits of the power to discriminate which is allowed in situations like this, require that more than a mere benefit or interest for the state be found. The state must demonstrate both a compelling government interest and that the classification is necessary to further that interest. Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L. Ed.2d 274 (1972).

The different standards of review in examining laws which restrict the entrance into occupations may be further illustrated in several bar-admittance cases. In *Schware, supra,* the Supreme Court applied the general standard of reasonableness and rational connection because in that case the exclusion from practice was due to a finding by the Board of a lack of good moral character. This was not a suspect classification so that a close judicial scrutiny was not utilized in reviewing the exclusion from practice. Subsequently, the Supreme Court of California, in the case of Raffaelli v. Committee of Bar Examiners, (1972), 7 Cal.3d 288, 101 Cal.Rptr. 896, 496 P.2d 1264, passed on the statutory exclusion of aliens from the practice of law in that State. The Court found a special mandate in the language of *Graham, supra,* which required a strict standard of review to guard the interests of the aliens in passing on discriminatory legislation. The Court also found a lack of rational connection and of compelling interest in the exclusion of aliens from the practice of law.

In another bar-admittance case, In re Griffiths, judgment entered January 26, 1972, 162 Conn. 249, 294 A.2d 281, prob. juris. noted, 406 U.S. 966, 92 S.Ct. 2413, 32 L.Ed.2d 665 (1972), the Supreme Court of Connecticut found "reasonable" and found in "logic and rationality" the exclusion of aliens from the practice of law in that State. The Court chose to apply only the reasonableness standards of *Schware, supra,* even though in that case the Supreme Court was not considering discrimination based on alienage.

The case now before this Court fails to meet either of the standards which have been described above. Under a close judicial scrutiny, no special public interest has been shown to contravene the general policy of equality for aliens which has been established in *Taka-*

*hashi.* The only justification which might be demonstrated is the economic protection of the local inhabitants, which has been found insufficient to discriminate against aliens in their right to the equal protection of the laws, as may be seen in the Supreme Court case of *Truax, supra.*

Even under the less strict standards, the discrimination must be reasonable and rational. Defendants have lamely tried to justify the discrimination, stating that refrigeration and air conditioning technicians must enter houses where "a wife is generally alone with or without children." And while they do not claim that aliens are more likely than United States citizens to commit crime in those circumstances, they are said to have "an unknown past history which reduces the possibility of apprehension" in case a crime is committed. We would be applying lax standards, indeed, if we were to accept such a speculative explanation. This does not seem to us to be sufficient, nor is it sufficient to say that the law can be justified as necessary to insure efficiency in the trade. Objectives like this may be better served by proficiency tests, occasional supervision and inspections and similar measures.

We can perfectly understand defendants' troubles in trying to find a reasonable connection between the fitness to practice this trade and the citizenship requirement of the law. They cannot find it simply because there is none. We cannot think, as they ask us to do, in terms of very old state and lower federal court cases [12] which have, at best, a doubtful validity in the light of the more recent Supreme Court cases which we have discussed above and, more specifically, in view of the policy of nondiscrimination against aliens expressed in *Takahashi, supra.*

■ By reason of the aforesaid, the Court finds and declares that Article 9(c) of Law Number 36 of May 20, 1970, enacted by the Legislature of Puerto Rico, is repugnant to the provisions of the Constitution related to the equal protection of the laws, as applicable to Puerto Rico, and, as such, unconstitutional, void and invalid.

In view of the above, the Court finds and declares that the plaintiffs herein Rolando Santín Arias, Domingo Antonio Santín Arias, and Adrián Jovet are entitled to receive and be issued a license from the Examining Board of Refrigeration and Air Conditioning Technicians so that they may engage in their trade. However, no injunctive relief will be granted because the Court has no doubt that the declarations contained herein will be complied with by the Commonwealth authorities.

---

12. Cases like Trageser v. Gray, 73 Md. 250, 20 A. 905 (1890); Anton v. Van Winkle, 9 Cir., 297 F. 340; Gizzarelli v. Presbrey, 44 R.I. 333, 117 A. 359 (1922) and State v. Carrel, 99 Ohio St. 285, 124 N.E. 129 (1919).