PEARSON YACHT LEASING CO., DIVISION OF GRUMMAN ALLIED INDUSTRIES, INC., Plaintiff,

v.

Luis Torres MASSA, as Superintendent of Police of the Commonwealth of Puerto Rico, and Manuel Martinez Suarez, as Chief of the Office of Transportation of the Commonwealth of Puerto Rico, Defendants.

Civ. No. 1018–72.

United States District Court,
D. Puerto Rico.

March 28, 1973.

Probable Jurisdiction Noted Oct. 9, 1973.
See 94 S.Ct. 69.

1338

Nachman, Feldstein & Gelpi, San Juan, P. R., for plaintiff.

Secretary of Justice through William A. Power, San Juan, P. R., for defendants.

Before COFFIN, Circuit Judge, CANCIO and TOLEDO, District Judges.

## MEMORANDUM OPINION AND ORDER

**PER CURIAM.**

Plaintiff instituted this suit seeking permanent injunctive relief alleging that the seizure and forfeiture of its property by the Superintendent of Police of the Commonwealth of Puerto Rico (hereinafter referred to as the Superintendent), violated the Due Process Clause, and constituted a taking of property without just compensation, contrary to the Fifth and Fourteenth Amendments of the Constitution of the United States. As the action sought to enjoin the enforcement of a state statute on the grounds of its inconsistency with the Constitution of the United States, a

three-judge court was convened.[1] Although the jurisdiction of this Court is not in issue, we do nevertheless find that all prerequisites, both jurisdictional and pseudojurisdictional,[2] are present and, therefore, conclude that this case is properly before us.

■ 1.—The constitutional claim presented is substantial. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); McNeese v. Board of Education for Community School District No. 187, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Lynch v. Household Finance Corporation, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972).

■ 2.—The challenged statutes have statewide applicability. Board of Regents of the University of Texas System v. New Left Education Project, 404 U.S. 541, 92 S.Ct. 652, 30 L.Ed.2d 697 (1972).

■■ 3.—The so called pseudojurisdictional defenses, such as exhaustion, abstention and comity, do not apply to this case. Exhaustion of state judicial remedies is not a prerequisite to invoking federal jurisdiction seeking constitutional protection, Marin v. University of Puerto Rico, 346 F.Supp. 470 (D.P.R. 1972). Insofar as abstention is concerned, we specifically find that the statutes here involved, as well as their predecessors, have been consistently interpreted by the Supreme Court of the Commonwealth of Puerto Rico[3] and,

consequently, under the cases of Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1970); Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970); Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); Harman v. Forssenius, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1964), and Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), we need not abstain. We do, nonetheless, believe that the Supreme Court of the Commonwealth of Puerto Rico would have reached the same result as we do here today, in view of the fact that it has followed federal decisions in interpreting local forfeiture statutes.

■ There is "[no] conceivable way in which the Commonwealth Courts can construe" the challenged statutes "to avoid the constitutional issues raised in this case." Arias v. Examining Board of Refrigeration and Air Conditioning Technicians, 353 F.Supp. 857 (D.P.R. 1972). In rejecting abstention, we have also taken into account the ensuing delay and the prejudice and additional losses that plaintiff would have to bear. Plaintiff has been deprived, since July 11, 1972, of valuable property and of the income produced by it. Also, the nature of the property itself, a yacht, makes it specially susceptible to deterioration and other perils of the sea. But, most compelling, is the fact that under the statutory scheme, the available procedure precludes plaintiff from challenging the

---

1. At first, the defendants, represented by the Secretary of Justice of the Commonwealth of Puerto Rico, opposed plaintiff's motion to convene a three-judge court, alleging as sole defense that this was a case calling for the application of the doctrine of abstention. After oral argument on the motion, the Secretary withdrew this defense and filed a motion consenting to the convening of a three-judge court. The District Judge, having found that all jurisdictional pre-requisites had been met, then requested the three-judge court.

2. This term is borrowed from Hobbs v. Thompson, 448 F.2d 456 (5 Cir. 1971).

3. General Motors Acceptance Corporation v. Brañuela, 61 D.P.R. 725, 61 P.R.R. 701 (1943); Torres v. Buscaglia, 68 D.P.R. 336, 68 P.R.R. 314 (1948); Martínez v. Buscaglia, 69 D.P.R. 438, 69 P.R.R. 406 (1948); General Motors Acceptance Corporation v. District Court, 70 D.P.R. 941, 70 P.R.R. 898 (1950); Metro Taxicabs, Inc. v. Treasurer, 73 D.P.R. 171, 73 P.R.R. 164 (1952); Stuckert Motor Company, Inc. v. District Court, 74 D.P.R. 527, 74 P.R.R. 494 (1953); Melendez v. Superior Court, 90 D.P.R. 656, 677–678, 90 P.R.R. 639, 659–660; Commonwealth v. Superior Court, 94 D.P.R. 717, 94 P.R.R. 687 (1967).

forfeiture in the state courts.[4] Finally, injunctive relief cannot be granted by the Courts of the Commonwealth of Puerto Rico because of the existence in Puerto Rico of an anti-injunction statute.[5] Having thus considered these threshold issues, we face the issue on the merits.

Our task has been greatly simplified by the cooperation of the parties in stipulating the facts relevant to the constitutional issues raised. These can be summarized as follows: Plaintiff is in the business of leasing pleasure yachts in the United States and Puerto Rico. On July 11, 1972, one of its yachts was seized by the Superintendent and forfeited to the Commonwealth of Puerto Rico. At the time of seizure, the yacht in question was in the possession of a third party pursuant to a lease agreement, which among other things specifically prohibited lessee from using the leased property for an unlawful purpose. The lessee had been discovered by police agents possessing marihuana while on board the yacht which, under Puerto Rican law is prohibited.[6] Plaintiff did not know that its property was being used for an illegal purpose and was completely innocent of the lessee's criminal act. After the seizure and within the time allowed by law,[7] the Superintendent notified lessee. Plaintiff was never notified and, since lessee did not post bond,[8] the yacht was forfeited to the Commonwealth of Puerto Rico. It was not until plaintiff attempted to recover possession

of the yacht after lessee had defaulted in the rental payments that plaintiff learned of its forfeiture.

Plaintiff then instituted this suit seeking permanent injunctive relief alleging that the statutes under which the defendants had seized the vessel violated the Due Process Clause and, also, that its property had been taken for public use without just compensation.[9] We agree with the plaintiff.

The statutes involved are Title 24, Laws of Puerto Rico Annotated, Section 2512, which is part of the Controlled Substances Act,[10] and Title 34, Laws of Puerto Rico Annotated. Section 1722, better known as the Uniform Vehicle, Mount, Vessel and Plane Seizure Act.[11] Under Paragraph (a)(4) of the Controlled Substances Act, it is provided that forfeiture shall be had of:

> "(4) all conveyances, including aircraft, vehicles, mount or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [a controlled substance] described in clauses (1) or (2) [of this subsection]."

Since marihuana is a controlled substance under the Act, it is included in clause (1) of Section 2512, Subsection (a). Thus, possession of marihuana while on board a vessel makes the vessel subject to forfeiture. Subsection (a)(4), like its predecessor, Title 24, Laws of

---

4. Title 34, Laws of Puerto Rico Annotated, Section 1722(a) provides: "The filing of such complaint within the period herein established shall be considered a jurisdictional prerequisite for availing of the action herein authorized." During oral argument, the Government agreed that under the circumstances of this case, the plaintiff was time barred.

5. Title 32, Laws of Puerto Rico Annotated, Section 3524; Arrarás v. Tribunal Superior, — D.P.R. —, — P.R.R. —, (Decision entered January 27, 1972).

6. Controlled Substances Act of Puerto Rico, Title 24, Laws of Puerto Rico Annotated, Sections 2101–2607. This law is similar to

the Federal Act, Title 21, United States Code, Section 801 et seq.

7. Title 34, Laws of Puerto Rico Annotated, Section 1722(a).

8. Title 34, Laws of Puerto Rico Annotated, Section 1722(c).

9. The yacht was not sold at public auction in the manner provided by Title 34, Laws of Puerto Rico Annotated, Section 1722(c). Nevertheless, the Government has set it aside for official use.

10. Note 6, supra.

11. Title 34, Laws of Puerto Rico Annotated, Section 1721.

Puerto Rico Annotated, Section 975f, makes no distinction between conveyances owned by the person accused of the illegal act and conveyances owned by a person who is innocent of the possessor's criminal act and is in no way whatsoever connected with it.[12]

In its brief and oral argument, the Commonwealth of Puerto Rico conceded that the owner's innocence is irrelevant to forfeiture proceedings under Section 2512(a)(4), and other Commonwealth of Puerto Rico forfeiture statutes, solely as a result of their interpretation by the Supreme Court of the Commonwealth of Puerto Rico.[13] We cannot in fairness say that the result is the fault of the Supreme Court of the Commonwealth of Puerto Rico, for it, like many other courts, state and federal, was merely following the construction given to federal forfeiture statutes by the Supreme Court of the United States. See Goldsmith Jr. Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376 (1921); United States v. One Ford Coupe, 272 U.S. 321, 47 S.Ct. 154, 71 L. Ed. 279 (1926); Dobbin's Distillery v. United States, 96 U.S. 395, 399–401, 24 L.Ed. 637 (1878); The Palmyra, 12 Wheat. 1, 14, 6 L.Ed. 531 (1827), which cases have since been overruled. Inasmuch as Puerto Rican forfeitures statutes were, in most instances, copied from their federal counterparts, as a matter of judicial construction it was logically expected that they would have been interpreted by the Supreme Court

of the Commonwealth of Puerto Rico in like manner.

The recent decision of United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L. Ed.2d 434 (1971), ended the fiction that inanimate objects themselves can be guilty of wrongdoing and it condemned, in the words of Blackstone, the seizure of the property of the innocent "as based upon a 'superstition' inherited from the 'blind days' of feudalism." [14] Justice Harlan, writing for the majority in that case, stated:

> "We would first have to be satisfied that a forfeiture statute, with such a broad sweep, did not raise serious constitutional questions under that portion of the Fifth Amendment which commands that no person shall be 'deprived of * * * property, without due process of law; nor shall private property be taken for public use, without just compensation.' " [15]

Even before the advent of Coin and Currency, the Court of Appeals for the Sixth Circuit, in the case of McKeehan v. United States, 438 F.2d 739 (1971), rejected the legal fiction that inanimate objects can be guilty of wrongdoing and went on to say that under the Fifth Amendment "the imposition of forfeiture on the Appellant is penal and causes an unconstitutional deprivation of personal property 'without just compensation.' " [16] Justice Belaval of the Supreme Court of the Commonwealth of Puerto Rico had so held in

---

12. Title 24, L.P.R.A., Section 2512(a), save for some unimportant differences, is an exact copy of its federal counterpart, 21 U.S. C., Section 881(a). The federal act, however, provides that under certain circumstances, property may not be forfeited. Subparagraph (A) excepts from forfeiture property used as a common carrier unless the owner or person in charge was a consenting party or privy to a violation of this chapter. Subparagraph (B) excepts from forfeiture conveyances which are unlawfully in the possession of a person other than the owner in violation of the criminal laws of the United States or of any state. Although excluded from 24 L.P.R.A., Section

2512(a)(4), these exceptions have been judicially recognized by the Supreme Court of Puerto Rico in the cases of Metro Taxicabs, Inc. v. Treasurer, 73 D.P.R. 171, 73 P.R.R. 164 (1952), and Ochoteco v. Superior Court, 88 D.P.R. 517, 88 P.R.R. 500 (1963).

13. See cases cited in Note 3, supra.

14. United States v. United States Coin and Currency, 401 U.S. 715, at 721–723, 91 S.Ct. 1041 at 1044, 28 L.Ed.2d 434, citing from 1 W. Blackstone, Commentaries, C. 8,300.

15. Id. 401 U.S., at 720, 91 S.Ct., at 1044.

16. Id. 438 F.2d at 745.

writing the dissenting opinion in Commonwealth v. Superior Court, 94 D.P.R. 717, 725–807, 94 P.R.R. 687, 695–773 (1967). In 1972, a California District Court, in the case of United States v. One 1971 Ford Truck, 346 F.Supp. 613, followed Coin and Currency in setting aside the forfeiture of a vehicle used in connection with an illegal transaction, but whose owner was innocent of the criminal act. A similar result was reached in Suhomlin v. United States, 345 F.Supp. 650, 655 (D.Maryland 1972).

■ It is clear that the forfeiture of plaintiff's property under Title 24, Laws of Puerto Rico Annotated, Section 2512(a)(4), and Title 34, Laws of Puerto Rico Annotated, Section 1722, is unconstitutional in that property of a totally innocent person has been taken for government use without just compensation. To this extent, we hold that the forfeiture of plaintiff's yacht is confiscatory and deprives plaintiff of property without just compensation.

Plaintiff also alleges that the procedure under which property is forfeited violates the Due Process Clause. It claims that Title 34, L.P.R.A., Section 1722, known as the Uniform Vehicle, Mount, Vessel and Plane Seizure Act,[17] does not meet the due process requirements in allowing the seizure of property without a hearing and before judgment, in failing to require the giving of adequate notice, in not providing for an adequate and meaningful hearing, in providing a procedure where the illegal use is presumed and the burden of proving otherwise is on the claimant, and in establishing a procedure with limited defenses. From the record in this case, we are not disposed to rule that the Commonwealth of Puerto Rico did not have reason to believe that notice to the owner was, in fact, given. Because of the result we reach here, this issue becomes academic. We realize that failure to provide proper notice may violate due

process standards. Menkarell v. Bureau of Narcotics, 463 F.2d 88, 94 (3 Cir. 1972); Jaekel v. United States, 304 F. Supp. 993, 999 (S.D.N.Y.1969).

■ We do, however, agree with plaintiff that the prehearing, prejudgment provision of this statute does not meet due process requirements. Section 1722(a) provides:

". . . The proceedings shall be begun by the seizure of the property by the Secretary of Justice, the Secretary of the Treasury or the Police Superintendent, through their delegates, policemen or other peace officers."

■ There is no provision whereby the seizure can be contested before it is made. In this limited posture, the statute on its face is unconstitutional. Recent Supreme Court decisions have made it clear that, absent some justification reflecting an important governmental or general public interest, property or property rights may not be seized without first giving the affected party adequate and meaningful hearing. Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L. Ed.2d 556 (1972).

The decision to seize property rests solely, as in this case, with the Police Superintendent, and it is only after the seizure has taken place that the owner or person in charge thereof may file a complaint and have his day in court.

■ We rely not only on the Fuentes v. Shevin decision, but on a number of other Supreme Court and three-judge district court cases which have struck down state statutes permitting prehearing or prejudgment seizures and deprivations of property or property rights. Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Lynch v. Household Finance Corp., 405 U.S. 538, 92 S. Ct. 1113, 31 L.Ed.2d 424 (1972); Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct.

---

17. 34 L.P.R.A., Section 1722, is made applicable to forfeitures for violations of the Controlled Substances Act of Puerto Rico, by virtue of 24 L.P.R.A., Section 2512(b).

507, 27 L.Ed.2d 515 (1971); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970); Schneider v. Margossian, 349 F.Supp. 741 (D.Mass.1972); Dorsey v. Community Stores Corporation, 346 F.Supp. 103 (E.D.Wis.1972); MacQueen v. Lambert, 348 F.Supp. 1334 (M.D.Fla.1972); Holt v. Brown, 336 F. Supp. 2 (W.D.Ky.1971); Klim v. Jones, 315 F.Supp. 109 (N.D.Cal.1970). In this case, the only argument advanced in defense of the prehearing seizure is the "need" for efficient control of narcotics. However, we have not been shown in what way prehearing confiscations are going to aid or make more efficient the enforcement of criminal laws. It must be pointed out that in this case the seizure of the yacht took place on July 11, 1972, while the act for which it was forfeited took place on May 6, 1972. Under such circumstances, there is no justification for not including in the statute a provision that would require a hearing prior to seizure. As stated in Fuentes v. Shevin, supra, efficiency and economy do not justify obliterating procedural due process:

> "The establishment of prompt efficacious procedures to achieve legitimate stated ends is a proper state interest worthy of cognizance in constitutional adjudication. But the Constitution recognizes higher values than speed and efficiency. Indeed one might fairly say of the Bill of Rights in general, and the Due Process Clause in particular, that they were designed to protect the fragile values of vulnerable citizenry from the overbearing concern for efficiency and efficacy which may characterize praiseworthy government officials no less, and perhaps more, than mediocre ones." Stanley v. Illinois, 405 U.S. 645, 656, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972).[18]

Forfeiture is not one of those "extraordinary situations" justifying postponing a hearing. Boddie v. Connecticut, 401

U.S. 371, 379, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); nor has the Commonwealth of Puerto Rico claimed it to be such. Outright seizures without opportunity for a prior hearing have been allowed only in a few limited cases. The Court, in Fuentes v. Shevin, said:

> " * * * Thus, the Court has allowed summary seizures of property to collect the internal revenue of the United States, to meet the needs of a national war effort, to protect against the economic disaster of a bank failure and to protect the public from misbranded drugs and contaminated food." [19]

Finally, the Commonwealth of Puerto Rico has asked this Court that, if we find that plaintiff's constitutional rights have been violated, we declare this forfeiture null and void, but sustain the constitutional validity of the statutes. Were this Court faced with a question of a government official's action in applying the statute, we might be in a position of granting such remedy. But the officials involved herein have acted strictly in accordance with the statutes challenged as they have been construed and, therefore, we cannot escape meeting our judicial burden. The Commonwealth of Puerto Rico in this case was fully aware of the remedy requested and had the option of returning the property confiscated or its appraisal value, thereby taking the matter out of our hands.

For the foregoing reasons, it is hereby declared that Sections 2512(a)(4) of Title 24, and Section 1722(a) of Title 34 of the Laws of Puerto Rico are unconstitutional, and an injunction will issue permanently restraining defendants and their successors from enforcing the foregoing provisions insofar as they deny the owner or person in charge of property an opportunity for a hearing due to the lack of notice, before the seizure and forfeiture of

18. 407 U.S., at page 90, 91, Footnote 22, 92 S.Ct. at page 1999.

19. 407 U.S. at page 91, 92, 92 S.Ct. at page 2000, and cases cited in footnotes 24, 25, 26, 27 and 28.

its property and insofar as a penalty is imposed upon innocent parties.

 At the close of its argument, plaintiff pointed out that at present the return of the seized property might not be an adequate remedy, due to the probable deterioration of the vessel. We need not provide a specific remedy, inasmuch as Section 1722(d) of Title 34 provides adequate relief. Plaintiff did stipulate that the appraisal of the property was fair and reasonable and, therefore, is entitled to be paid the amount of the appraisal, plus interest thereon at the rate of 6% per annum, computed from the date of the seizure.

It is so ordered.