**Florence WONG, individually and in behalf of all others similarly situated, Plaintiff,**

v.

**David E. HOHNSTROM, Secretary, et al., Defendants.**

**No. 4–75 Civ. 381.**

United States District Court, D. Minnesota, Fourth Division.

Dec. 24, 1975.

---

Marc G. Kurzman, St. Paul, Minn., for plaintiff.

Robert T. Stich, Lasley, Gaughan, Reid & Stitch, Minneapolis, Minn., for defendants.

## MEMORANDUM ORDER

ALSOP, District Judge.

The present action seeks to nullify the requirement of United States citizenship as contained in Minn.Stat. § 151.10, *as amended* (1973) (hereinafter Minn.Stat. § 151.10) as a prerequisite to examination by the Minnesota State Board of Pharmacy for registration as a pharmacist.

Plaintiff is a resident alien currently residing in Minnesota. She is a registered pharmacist in the states of California and Nevada and is in the process of seeking licensing and registration as a pharmacist in Minnesota.

Defendants are the secretary and members of the Minnesota State Board of Pharmacy which, amongst other duties, must " . . . examine and register as pharmacists all applicants whom it shall deem qualified to be such." Minn.Stat. § 151.06, Subd. 1(5) (1969).

Minn.Stat. § 151.10 provides in relevant part:

"QUALIFICATIONS OF APPLICANTS. To be entitled to examination by the board as a pharmacist the applicant shall be a citizen of the United States . . . .."

Plaintiff, having completed all requirements necessary to become a pharmacist, has applied to the Minnesota State Board of Pharmacy for permission to take the examination. Pursuant to this court's order of September 17, 1975, defendants have permitted plaintiff to take the most recent Minnesota State Pharmacy Board examination, but defendants have refused and continue to refuse to accept plaintiff's application and to further act on such examination solely on the grounds that plaintiff is not a citizen of the United States.

As a result, plaintiff has brought this action seeking (1) a declaratory judgment that Minn.Stat. § 151.10 is unconstitutional on its face in violation of the Fourteenth Amendment, and (2) a permanent injunction enjoining the defendants from denying plaintiff the right to become a registered pharmacist solely because she is not a citizen of the United States. Presently before the court is a motion by the plaintiff for summary judgment, or in the alternative, to convene a three-judge court.

The complaint herein clearly contemplates injunctive relief against state officials and therefore the requirement of a three-judge court must be examined. *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 152–55, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).

As a general rule, where a state statute is attacked on the grounds that it is unconstitutional, its enforcement can be enjoined only by a three-judge court. 28 U.S.C. § 2281.[1] However, where "prior decisions make frivolous any claim that [the] * * * state statute on its face is not unconstitutional," a three-judge court is not required. *Bailey v. Patterson,* 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7

---

1. This rule is replete with slippery distinctions.

L.Ed.2d 512 (1962); *Accord, Kirkland v. Wallace,* 403 F.2d 413, 415 (5 Cir., 1968).

The court finds that prior Supreme Court decisions make frivolous any claim that the requirement of citizenship as contained in Minn.Stat. § 151.10 is not unconstitutional.

In the recent case of *In Re Griffiths,* 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973), the Supreme Court held that a state's exclusion of aliens from the practice of law violated the Equal Protection Clause of the Fourteenth Amendment.

The Court stated:

Nor would the possibility that some resident aliens are unsuited to the practice of law be a justification for a wholesale ban.

Even in applying permissible standards, officers of a State cannot exclude an applicant when there is no basis for their finding that he fails to meet these standards, or when their action is invidiously discriminatory." [citations omitted] 413 U.S. at 725, 93 S.Ct. at 2856.

See *Sugarman v. Dougall,* 413 U.S. 634, 93 S.Ct. 2842, 37 L.Ed.2d 853 (1973).

Minn.Stat. § 151.10 makes explicit use of the same suspect classification that was struck down in *Griffiths.* The court cannot perceive any distinction between denying aliens the right to become pharmacists and the right to practice law. Both denials are equally repugnant to the Equal Protection Clause.

The guarantee of equal protection of the laws to aliens was established in *Yick Wo v. Hopkins,* 118 U.S. 356, 369, 6 S.Ct. 1064, 30 L.Ed. 220 (1886), and has been carefully preserved since then. *Sugarman v. Dougall, supra; Graham v. Richardson,* 403 U.S. 365, 371, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); *Truax v. Raich,* 239 U.S. 33, 39, 36 S.Ct. 7, 60 L.Ed. 131 (1915); *Wong Wing v. United States,* 163 U.S. 228, 238, 16 S.Ct. 977, 41 L.Ed. 140 (1896).

Mr. Justice Hughes stated in *Truax:*

It requires no argument to show that the right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was the purpose of the [Fourteenth] Amendment to secure. 239 U.S. at 41, 36 S.Ct. at 10.

By denying aliens the opportunity to take the examination to become a registered pharmacist, the State of Minnesota has denied them access to one of the "common occupations of the community." The court concludes that the requirement of citizenship as contained in Minn.Stat. § 151.10 violates the Equal Protection Clause of the Fourteenth Amendment.

Upon the foregoing,

It is ordered That plaintiff's motion for summary judgment be, and the same hereby is granted and the clerk shall enter judgment declaring that portion of Minn.Stat. § 151.10, *as amended* (1973) which includes the requirement of United States citizenship unconstitutional and invalid on its face in violation of the Fourteenth Amendment to the United States Constitution.

It is further ordered That defendants are hereby permanently enjoined from enforcing the requirement of United States citizenship, as contained in Minn. Stat. § 151.10, *as amended* (1973), as a prerequisite for examination by the Minnesota State Board of Pharmacy.