Mr. D. L. Simmons Executive Secretary Colorado State Board of Pharmacy 100 State Services Building 1525 Sherman Street Denver, Colorado 80203
Dear Mr. Simmons
This office has received a complaint from Ms. Sookil Chun, a 21-year old Korean woman, whose application has been rejected by the Colorado State Board of Pharmacy (hereafter "Board") because she is not a United States citizen. Apparently, Ms. Chun meets all other requirements for licensure in Colorado as a pharmacist. She is over 21 years of age. She received a B.S. Pharmacy Degree from the University of Texas School of Pharmacy in August, 1973. She has at least 2,000 hours of experience acquired after graduation from pharmacy school in a licensed pharmacy under the supervision of a registered pharmacist. Ms. Chun passed both the academic and practical parts of the Texas examination for registration, and received her Texas license to practice pharmacy in October, 1975. But for the citizenship requirement in C.R.S. 1973, 12-22-111, Ms. Chun would qualify as an applicant eligible to take the examination or as a reciprocal applicant based on her Texas license. However, the citizenship requirement alone is prohibiting her from applying for a license and practicing pharmacy in the State of Colorado.
QUESTION PRESENTED AND CONCLUSION
The question arises as to is whether C.R.S. 1973, 12-22-111, to the extent it requires pharmacy applicants to be United States citizens, may be violative of the Equal Protection Clause of theFourteenth Amendment to the United States Constitution.
My conclusion is "yes."
ANALYSIS
Aliens are "persons" within the meaning of theFourteenth Amendment directive that a state may not "deny to any person within its jurisdiction the equal protection of the laws."Yick Wo v. Hopkins, 118 U.S. 256 (1886). And the "right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was the purpose of the Fourteenth Amendment to secure." Truax v. Raich, 239 U.S. 33, at 41 (1915).See also Purdy and Fitzpatrick v. State,456 P.2d 645 (Cal. 1969) (statute prohibiting employment of aliens on public works held to deny equal protection); Torao Takahashiv. Fish and Game Commission, 334 U.S. 410 (1948) (statute making aliens ineligible for commercial fishing licenses held to deny equal protection); Arias v. Examining Board ofRefrigeration and Air Conditioning Technicians,353 F. Supp. 857 (D. Puerto Rico, 1972) (statute imposing citizenship requirement to receive a license to practice as a refrigeration and air-conditioning technician held to deny equal protection);Sugarman v. Dougall, 413 U.S. 634 (1973) (statute barring state civil service employment to aliens held to deny equal protection); Hampton v. Mon SunWong, 96 S.Ct. 1895 (1976) (rule barring federal civil service employment to aliens held to violate Fifth Amendment).
In the case of In re Griffiths, 413 U.S. 717 (1973), the United States Supreme Court held a state bar rule, which imposed a citizenship requirement to become a member of the bar, violated equal protection by excluding aliens from the practice of law. It found that classifications based on alienage are inherently suspect and subject to strict judicial scrutiny. A state that adopts a suspect classification "bears a heavy burden of justification," McLaughlin v. Florida, 379 U.S. 184
(1964), and accordingly must demonstrate a "compelling state interest" in maintaining the classification. Shapiro v.Thompson, 394 U.S. 618 (1969). As the court inGriffiths stated:
 In order to justify the use of a suspect classification, a State must show that its purpose or interest is both constitutionally permissible and substantial, and that its use of the classification is `necessary to the accomplishment' of its purpose
or the safeguarding of its interests.
 Resident aliens, like citizens, pay taxes, support the economy, serve in the armed forces, and contribute in myriad other ways to our society. It is appropriate that a State bear a heavy burden when it deprives them of employment opportunities. Griffiths at 2855. (Emphasis supplied.)
The purpose of the rule in Griffiths was to ensure the requisite qualifications of persons licensed to practice law. But the court found that the state failed to show the relevance of citizenship to this purpose (i.e., there was no relationship between citizenship and qualifications to practice law).
The court points out that there are other ways to ensure that an alien performed properly (e.g., disciplinary proceedings, sanctions for improper performance, etc.). Therefore, the citizenship requirement was not necessary to carry out the purposes of the rule.
The statute at issue herein, C.R.S. 1973, 12-22-111, fails to meet the test of In re Griffiths, supra. Like the bar rule at issue in that case, C.R.S. 1973, 12-22-111, effectively prevents resident aliens from practicing the pharmacy profession in Colorado based upon the irrelevant circumstances of their birth. Since a classification according to alienage is suspect, the state must show a substantial and compelling state interest and that the classification is necessary to the accomplishment of that interest. Economic protection of local residents is not such a compelling interest. Arias, supra; Torao Takahashi,supra. The interest of maintaining the competence and integrity of the profession would seem to be a constitutionally permissible purpose; however, that purpose can be effectuated through less onerous means, i.e., examinations, disciplinary proceedings, etc. In re Griffiths, supra;Arias, supra. Finally, there is clearly no relationship between citizenship and professional competency.
Recently, in Mong v. Hohnstrom, 405 F. Supp. 727 (D. Minn. 1975), the United States District Court for the District of Minnesota held a requirement in the Minnesota statute that pharmacists be United States citizens in violation of the Equal Protection Clause relying specifically on In reGriffiths. Very simply put, the District Court stated:
 The court cannot perceive any distinction between denying aliens the right to become pharmacists and the right to practice law. Both denials are equally repugnant to the Equal Protection Clause. 405 F. Supp. at 729.
I, too, can find no distinction. C.R.S. 1973, 12-22-111, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.
Accordingly, I believe any attempt to enforce the provision of C.R.S. 1973, 12-22-111 would be subject to a successful legal attack. I therefore advise the Board that it should accept application without regard to U.S. citizenship.
SUMMARY
Statute requiring applicant for pharmacist's license to be a citizen of the United States violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.
Very truly yours,
 J.D. MacFARLANE Attorney General
EQUAL PROTECTION CITIZENSHIP
C.R.S. 1973, 12-22-111
REGULATORY AGENCIES, DEPT. Pharmacy, Bd. of
Statute requiring applicant for pharmacist's license to be a citizen of the United States violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.