In the Matter of ELIZABETH DICKSON et al., Respondents, against EDWARD J. FLYNN, as Secretary of State, Appellant.

OPTOMETRICAL SOCIETY OF THE CITY OF NEW YORK et al., Interveners, Appellants.

Argued January 4, 1937; decided January 12, 1937.

*John J. Bennett, Jr., Attorney-General (Dorothy U. Smith* and *Henry Epstein* of counsel), for Secretary of State, appellant. The authority under the certificate to sell at retail spectacles, eyeglasses and lenses for the correction of vision not being expressly limited to the sale of such articles as merchandise, the certificate is not in con-

formity with section 1432-a of the Education Law (Cons. Laws, ch. 16.) (*Roschen* v. *Ward; Kresge Co.* v. *Ward*, 279 U. S. 337; *Matter of Co-Operative Law Co.*, 198 N. Y. 479; *People* v. *Woodbury Dermatological Inst.*, 192 N. Y. 454; *State* v. *Kindy Optical Co.*, 248 N. W. Rep. 332; *State ex rel. Harris* v. *Myers*, 191 N. E. Rep. 99.)

*Jay Leo Rothschild, Walter S. Beck, Maxwell Ross* and *James Flynn* for Optometrical Society of the City of New York, intervener, appellant. Section 1432-a of the Education Law is a penal statute, which prohibits and makes criminal that which was lawful before. It does not enlarge the class of persons who may practice the profession of optometry. It merely eliminates the unsupervised sale of glasses for the correction of vision, and thus prohibits their sale as merchandise *simpliciter.* (*People* v. *Woodbury Dermatological Inst.*, 192 N. Y. 454; *Matter of Co-Operative Law Co.*, 198 N. Y. 479; *Teseschi, Mullins & Bellair* v. *Mathis*, 116 N. J. L. 187; *State of Kansas ex rel. Beck* v. *Goldman Jewelry Co.*, 142 Kan. 881; *State* v. *Kindy Optical Co.*, 216 Iowa, 1157; *Eisensmith* v. *Buhl Optical Co.*, 178 S. E. Rep. 695; *Funk* v. *State*, 50 Pac. Rep. [2d] 945; *Matter of Stern* v. *Flynn*, 154 Misc. Rep. 609; *American Historical Society* v. *Glenn*, 248 N. Y. 445; *People* v. *Sturgis*, 121 App. Div. 407; *People* v. *N. Y. C. R. R. Co.*, 25 Barb. 199; *People* v. *Barton*, 6 Cow. 290; *Cotheal* v. *Brouwer*, 5 N. Y. 562; *People* v. *Abraham*, 16 App. Div. 58; *U. S. Tel. Co.* v. *Western Union Tel. Co.*, 56 Barb. 46; *Sickles* v. *Sharp*, 13 Johns. 497; *Matter of W. S. A. & P. R. R. Co.*, 115 N. Y. 442; *Hayden* v. *Pierce*, 144 N. Y. 512; *People* v. *Purdy*, 154 N. Y. 439.) The certificate author- izes the petitioner's corporation to practice optometry and is, therefore, outlawed by the statute. (*Matter of Stern* v. *Flynn*, 154 Misc. Rep. 609.)

*Harold R. Medina, William F. McNulty* and *Harold Kohn* for New York State Optometric Association, Inc., intervener, appellant. Section 1432-a of the Education

Law, which merely restricts the sale of glasses as merchandise, does not permit a corporation to practice optometry. (*Allen* v. *Stevens*, 161 N. Y. 122; *Liggett Co.* v. *Baldridge*, 278 U. S. 105.)

*Herbert D. Hamm* for respondents. The purpose clauses of the certificate of incorporation found objectionable by the Secretary of State are specifically provided for under section 1432-a of the Education Law. (*Roschen* v. *Ward*, 279 U. S. 337; *Martin* v. *Home Bank*, 160 N. Y. 190; *Persky* v. *Bank of America Nat. Assn.*, 261 N. Y. 212; *Matter of Lewis* v. *Harlem Dental Co.*, 189 App. Div. 359; *People* v. *Woodbury Dermatological Inst.*, 192 N. Y. 454; *Jaeckle* v. *Bamberger*, 119 N. J. Eq. 126; 120 N. J. Eq. 201; *Howe* v. *Regensburg*, 75 Misc. Rep. 132.)

*Robert Rosenberg* and *N. Bernard Silberg* for Retail Opticians of America, *amicus curiæ*. The optometry statute cannot be construed so as to prohibit the employment of registered optometrists by corporations. If this is the construction then the statute is unconstitutional. (*Liggett Co.* v. *Baldridge*, 278 U. S. 105; *Vorheis* v. *Kindy Optical Co.*, 251 N. W. Rep. 343; *Schnaier* v. *Navarre Hotel & Importation Co.*, 182 N. Y. 83; *People* v. *Ringe*, 197 N. Y. 143; *Scadron's Sons, Inc.*, v. *Susskind*, 132 Misc. Rep. 406; *People* v. *Rogers*, 227 Ill. 151; *Binford* v. *Boyd*, 174 Pac. Rep. 56; *Jaeckle* v. *Bamberger & Co.*, 181 Atl. Rep. 181; *Dvorine* v. *Castleberg Jewelry Corp.*, 185 Atl. Rep. 562; *Missouri* v. *Gate City Optical Co.*, 97 S. W. Rep. 89.)

*Per Curiam.* The purposes for which the Four-Boro-Optical Corporation is to be organized, as set forth in its certificate of incorporation, conform with the provisions of section 1432-a of the Education Law (Cons. Laws, ch. 16) (*Roschen* v. *Ward*, 279 U. S. 337), and the objection by appellant appearing in the affidavit of the acting chief of the Division of Corporations is not sufficient to

warrant refusal to file and record this certificate. We do not construe the wording of the proposed certificate of incorporation as authorizing the practice of optometry.

At this time we decide no other issue. If, in the future, questions relating to any violation of law by the corporation or by any optometrist employed by it shall arise, the courts can then deal with them.

The order should be affirmed, without costs.

CRANE, Ch. J., O'BRIEN, LOUGHRAN and RIPPEY, JJ., concur; HUBBS, J., dissents; LEHMAN and FINCH, JJ., taking no part.

Order affirmed.