Sidney A. Fine, J.
Motion to dismiss the complaint pursuant to rule 106 of the Buies of Civil Practice on the ground that the complaint does not state a cause of action is denied. The complaint states a valid cause of action for declaratory judgment and relief incidental thereto.
The factual allegations of the complaint are in substance that the defendant engages in the corporate practice of optometry, by holding itself out as qualified to render optometric services, and by rendering these services, through its employees. The complaint alleges the various optometric services performed by defendant’s employees upon plaintiff Carol Dickstein. This plaintiff is alleged to have visited defendant’s premises and received services as part of which defendant, through employees, diagnosed her eyes for optical deficiencies and prescribed lenses. It is alleged that defendant, through employees, represented to plaintiff Dickstein that they were able to and would prepare and dispense lenses prescribed for her and would fit and adjust *496 same to her face. It is alleged further that defendant, through its employees, represented to plaintiff Dickstein that they would provide ocular exercises for her eyes. Plaintiff Carol Dickstein is joined in this action by Franklin Seward and William Roberts, optometrists licensed in the State of New York, and by the New York State Optometric Association, Inc., suing on behalf of its members and the general public.
The services allegedly rendered by the defendant, through its employees, constitute the practice of optometry (Education Law, § 7101). It is well established that corporations cannot practice optometry in New York (Matter of Dickson v. Flynn, 273 N. Y. 72; Matter of Stern v. Flynn, 154 Misc. 609; 1913 Atty. Gen. 401; 1933 Atty. Gen. [Inf.], 48 St. Dept. 158) and the employment of optometrists or physicians for that purpose by a corporation is the practice of optometry by that corporation.
Section 7109 of the Education Law does not authorize the practice of optometry by a corporation. This section relates only to the sale of ready-made optical merchandise. It makes it 11 unlawful for any person, firm or corporation to sell, at retail, as merchandise, in any store or established place of business in the state, any spectacles, eyeglasses, or lenses for the correction of vision, unless a duly licensed physician or duly qualified optometrist, licensed under part one of this article, be in charge of and in personal attendance at the booth, counter or place, where such articles are sold in such store or established place of business.” The optometrist or physician at the place of sale can only act in connection with the sale of ready-made optical merchandise to customers of the corporation (Roschen v. Ward, 279 U. S. 337; Matter of Dickson v. Flynn, supra; 1946 Atty. Gen. 314).