In the Matter of James M. Posner et al., Appellants, *v.* Nelson A. Rockefeller, as Governor of the State of New York, et al., Respondents.

Third Department, March 10, 1969.

*Kimmelman, Perkiss & Sexter* (*Botein, Hays, Sklar & Herzberg* and *Harry I. Rand* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Alan W. Rubenstein* and *Ruth Kessler Toch* of counsel), for respondents.

*Harold Kohn* for New York State Optometric Association, Inc., *amicus curiæ.*

REYNOLDS, J. This is an appeal from a judgment of the Supreme Court, Albany County, in a proceeding brought pursuant to article 78 of the CPLR, dismissing appellants' petition seeking to compel the respondents to promulgate an optometric fee schedule retroactively to July 1, 1966 on the ground that it failed to state a cause of action (CPLR 7804, subd. [f]).

Following the enactment of Federal and State legislation establishing the "Medicaid" program the Governor on July 14, 1966 upon the recommendation of an interdepartment task force appointed by the Governor and consisting of members of the Department of Health, Department of Social Welfare, Division of the Budget and other interested agencies, promulgated a maximum medical fee schedule setting forth what was regarded as a fair and reasonable maximum fee for each item of service to be performed by a physician for a patient who qualified for "Medicaid" benefits. This fee schedule was made retroactive to July 1, 1966. No comparable fee schedule for eye services performed by the appellants was at that time promulgated (it was subsequently promulgated on October 25, 1966) and appellants brought the instant proceeding seeking to require that when promulgated it also would be made retroactive to July 1, 1966 (it was, in fact, not made retroactive but rather prospective to take effect November 1, 1966).

Appellants' position is that a failure to make their fee schedule retroactive as had been done with that of the physicians is violative of the equal protection and due process requirements of the Federal and State Constitutions. It is well settled that the guarantee of equal protection is applicable only where classification and discrimination are entirely arbitrary and destitute of reasonable basis. To constitute a denial of equal protection there must be a purposeful and systematic discrimination designed to favor one individual or class over another individual or class with no rational basis for a differentiation between them (*Marquez* v. *Aviles,* 252 F. 2d 715, cert. den. 356 U. S. 952). The prohibition goes no further than invidious discrimination (*Levy* v. *Louisiana,* 391 U. S. 68; *Morey* v. *Doud,* 354 U. S. 457; *Williamson* v. *Lee Optical Co.,* 348 U. S. 483, rehearing den. 349 U. S. 925; *New York Cent. R. R. Co.* v. *Lefkowitz,* 46 Misc 2d 68). Clearly the State may validly distinguish between physicians and nonphysicians, and more specifically between ophthalmologists and optometrists (*Williamson* v. *Lee Optical*

*Co., supra*; see, also, *Matter of Dickson* v. *Flynn*, 246 App. Div. 341, affd. 273 N. Y. 72; *New Jersey State Bd. of Optometrists* v. *Kresge Co.,* 113 N. J. L. 287). In fact, appellants do not dispute that different rate schedules for physicians and nonphysicians would be permissible as a matter of discretion but urge rather that since all involved are dispensing medical and paramedical services and thus in effect are one class, the time from which payments were to begin is nondiscretionary and the establishment of different effective dates is not therefore justified.

It is not argued that the legislation involved is itself discriminatory or treats any involved unequally. And it should also be noted that it is not that appellants were not being paid at all for their services, but rather that for the period from July 1, 1966 to November 1, 1966 they were still being paid at the local welfare district scale while their medical counterparts were receiving the new higher rates. Thus the complaint is with the administrative process. Of course, it would be ideal if when the legislation was effective all the administrative details had been reconciled but it is not a constitutional requirement that such be the case. Here the task force decided that it would first undertake to establish the rates for physicians and when established the Governor chose to implement them immediately and retroactively to the first of the month although the rates for others furnishing medical services had not yet been set. We see nothing constitutionally objectionable in this decision. The task force also chose to consider appellants' rates separately, and despite obvious similarities it is also evident that valid distinctions exist between the various professions dispensing services and we cannot say that it was unconstitutional to consider the appellants separately from their physician counterparts. Moreover, it is also evident from the record that once the rates for appellants' services had been arrived at there were present financial and administrative considerations upon which retroactivity could validly have been rejected. The decision to make the rates prospective and to reject retroactivity cannot be said to be arbitrary and discriminatory, and, accordingly, the judgment appealed from must be affirmed.

The judgment should be affirmed, with costs.

GIBSON, P. J., HERLIHY, STALEY, JR., and GREENBLOTT, JJ., concur.

Judgment affirmed, with costs.