**James A. PAYNES, Plaintiff-Appellant,**

v.

**Dan Dee LEE and John Doe, Defendants-Appellees.**

No. 73-3285

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1974.

Johnnie A. Jones, Baton Rouge, La., for plaintiff-appellant.

John F. Rau, Jr., Harvey, La., for defendants-appellees.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

We previously found jurisdiction under 42 U.S.C.A. § 1985(3) for a trial on the merits of this civil damage action involving rather gross acts committed against plaintiff to intimidate him from becoming a registered voter. Paynes v.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Lee, 377 F.2d 61 (5th Cir. 1967), rev'g, 239 F.Supp. 1019 (E.D.La.1965).

That the acts were committed against the plaintiff is undisputed. That the defendant was present and committed the offenses was denied.

After thorough written consideration of the evidence presented in a full trial, the District Court found an irreconcilable conflict in the evidence pertaining to the identification of the defendant as the man involved in the affair. Finding nothing that would justify attaching the "perjurer" label to either side, the Court applied the legal requirement that the plaintiff carries the burden of proving each essential element of his case by a preponderance of the evidence, and concluded that the "proofs in this case simply do not, as a matter of law, justify a finding of liability on the part of the defendant."

A review of the record reveals no clear error in the judgment that the irreconcilable evidence left the court without a preponderance upon which to base findings favorable to either side. In this situation, the party with the burden of proof necessarily loses.

Affirmed.

Godbold, Circuit Judge, filed dissenting opinion.