Morton B. Silberman, J.
This is a CPLR article 78 proceeding in the nature of mandamus. Petitioner, a 75-year-old alien who has resided in the United States for 13 years and in Rockland County for 5 years, seeks a judgment compelling respondents to issue to him a New York State fishing license without payment of any fee. The issue presented is whether section 11-0715 of the Environmental Conservation Law is violative of the equal protection clause of the United States Constitution in that it authorizes the issuance of free hunting and fishing licenses to "citizen residents” over age 70, but *486 requires "alien residents” over age 70 to pay the usual fees therefor.
In general terms, a denial of equal protection occurs where there exists a systematic pattern of discrimination between classes of persons with no rational basis for differentiation (e.g., Matter of Posner v Rockefeller, 31 AD2d 352, 353). Conversely, there is no denial of equal protection if a reasonable relationship supports the classification made and the legitimate purpose sought to be achieved in making it (McGowan v Maryland, 366 US 420; Allied Stores of Ohio v Bowers, 358 US 522; Matter of Bauch v City of New York, 21 NY2d 599, 606-607, cert den 393 US 834; see, also, People v Ditniak, 28 NY2d 74, 78).
Unquestionably, legally admitted aliens are "persons” within the meaning of the Fourteenth Amendment to the United States Constitution and, as such, are entitled to the equal , protection of the laws of the State in which they reside (Graham v Richardson, 403 US 365; Yick Wo v Hopkins, 118 US 356; Matter of Sundram v City of Niagara Falls, 77 Misc 2d 1002, affd 44 AD2d 906). Classifications based solely upon alienage are viewed as "inherently suspect” and, therefore, subject to close judicial scrutiny (Sugarman v Dougall, 413 US 634, 642; Graham v Richardson, supra). Distinctions founded upon alienage will pass constitutional muster only upon a showing that such a distinction is necessary in furtherance of a compelling State interest (e.g., Takahashi v Fish Comm., 334 US 410). Accordingly, it has been held that aliens must be accorded the same rights as citizens with respect to public assistance benefits (Graham v Richardson, supra), access to civil service positions (Sugarman v Dougall, supra), public housing (Lopez v White Plains Housing Auth., 355 F Supp 1016), selective service exemptions (United States v Khan, 336 F Supp 354) and employment licenses (Arias v Examining Bd. of Refrigeration & Air Conditioning Technicians, 353 F Supp 857).
I can perceive no legitimate State interest, "compelling” or otherwise, to justify preferential treatment for resident citizens over resident aliens in the amount of fees for issuance of hunting and fishing licenses. The holdings in McCready v Virginia (94 US 391) and Patsone v Pennsylvania (232 US 138), upon which respondents rely, cannot be viewed as controlling in light of the more recent decision in Takahashi v Fish Comm. (334 US 410, supra). In Takahashi, the court *487 struck down a California regulation which prohibited issuance of commercial fishing licenses to aliens, concluding that no compelling State interest existed to justify withholding from resident aliens the very same fishing privileges routinely granted to resident citizens.
I find that section 11-0715 of the Environmental Conservation Law is unconstitutional and void, insofar as it requires resident aliens over the age of 70 to pay a fee for the issuance of a hunting or fishing license, while exempting resident citizens over the age of 70 from that requirement.
Respondent Delo is directed to issue a fishing license to petitioner without payment of any fee, upon his presentation of an application therefor. The petition is otherwise denied.
Settle judgment on notice.