■ MICHAEL J. HUFFE et al., v JAMES J. JARCHO et al.—The branch of the motion for reargument is granted and the branch for leave to appeal is denied. Upon reargument, our order, entered July 20, 1978, is vacated, and a resettled order and the following memorandum substituted in lieu thereof: Judgment, Supreme Court, New York County, entered January 30, 1978, declaring that plaintiffs are entitled to pensions, unanimously reversed, on the law, and the plaintiffs are declared not to be entitled to pensions, with $60 costs and disbursements of this appeal payable to defendants-appellants. Plaintiffs brought this action for a judgment declaring that they are entitled to a pension from the Plumbing Industry Board, Local No. 2 Pension Fund. The Court of Appeals, in *Mitzner v Jarcho* (44 NY2d 39, 43), has recently summarized the history of the eligibility rules and regulations for this same fund: "The fund was formally created in 1952 by an agreement and declaration of trust (trust agreement) for the benefit of journeymen plumbers and apprentices. The trust agreement contained the usual provisions with respect to the investment and fiscal management of the assets of the fund and conferred on the trustees 'power to make, amend and repeal such rules and regulations, not inconsistent with the terms thereof, as they may deem necessary or proper to carry out the provisions of this Agreement'. Exercising this power, the trustees promulgated 'The Plumbing Industry Pension Fund, Rules and Regulations for Pension Plan' (plan) which prescribed the following eligibility requirements for fund benefits: (a) attainment of age 65;

(b) 15 years' union membership, from 1939, five consecutive years of which immediately precede the date of application for retirement; (c) 1,250 days' employment at the plumbing trade; and (d) employment of any duration with a contributing employer in each of the two years directly preceding the date of application for retirement. A 1960 amendment to the pension plan provided eligibility for disabled employees after age 50, and in 1963 the plan was further amended to delete union membership as a condition of eligibility. Instead, employment with a contributing employer, regardless of union membership, qualified one for fund benefits. In 1966 the pension plan was again amended to provide for early retirement at age 60. Additionally, benefit claimants were now required to have accumulated 15 consecutive years of employment and 1,250 working days with a contributing employer immediately preceding the application for benefits. This amendment, adopted by the trustees in the exercise of their power to amend the plan, gave rise to the present litigation." The plaintiffs contend that the defendants have improperly denied their pension applications under the "fifteen consecutive year" rule in the 1966 amendment. Before a court need address itself to the efficacy of the 1966 amendment, the plaintiffs must demonstrate that they are otherwise eligible for a pension under the rules and regulations. The evidence adduced at trial indicates that the plaintiffs do not even have 15 nonconsecutive years of covered employment with contributing employers, as is required by the 1963 amendment. Therefore, their applications for pensions must be denied and any discussion of the 1966 amendment becomes academic. Resettled order signed and filed. Concur—Murphy, P. J., Kupferman, Birns, Evans and Sullivan, JJ.