Mrs. Dorothy Peters CRUSTO, et al.

v.

AMALGAMATED CLOTHING WORKERS OF AMERICA (AFL–CIO), et al.

Civ. A. No. 78–4122.

United States District Court, E. D. Louisiana.

July 7, 1981.

Louis A. Gerdes, Jr., New Orleans, La., for plaintiffs.

Dennis M. Angelico, Victor H. Hess, Jr., New Orleans, La., for defendant The Amalgamated Ins. Fund.

Jerry L. Gardner, Jr., New Orleans, La., for defendant Amalgamated Clothing Workers of America.

## OPINION

ARCENEAUX, District Judge.

Plaintiffs instituted this action on December 15, 1978, against the Amalgamated Insurance Fund ("Fund") and Amalgamated Clothing Workers of America ("Union"), under the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 186, *et seq.* As the basis for their cause of action against the Fund, the plaintiffs assert that: (1) the Fund arbitrarily and capriciously, and in bad faith, imposed on Mrs. Crusto the requirements of a retirement plan which relies on the Social Security Administration's ("SSA") findings of disability, instead of the plan in effect when the plaintiff's employment terminated, requiring disability determinations to be made by a Fund-appointed physician; (2) it is arbitrary and capricious for a plan to submit a claimant to the intricate and complex regulations of the SSA; and (3) the Fund arbitrarily and capriciously interpreted the plan to require that plaintiff be disabled when her employment terminated.

As the basis of the cause of action against the Union, plaintiffs allege that it failed to comply with its duty of fair representation of Mrs. Crusto.

By agreement of the parties, this matter was submitted to the Court for decision on factual stipulations and memoranda. Having thoroughly reviewed the evidence, the memoranda of counsel, and the applicable law, the Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The parties have submitted a joint stipulation of facts which is adopted by the Court and hereby summarized by the Court.

1.

Plaintiff, Mrs. Dorothy Peters Crusto, was employed by Haspel Brothers from 1937 through August 5, 1968, during which time she was a member of the Union. Some time during her employment with Haspel Brothers, the Fund was created.

2.

The Fund is an irrevocable trust established pursuant to a trust indenture. A collective bargaining agreement between employers in the men's clothing industry and the Union obligated those employers to make contributions to this Fund. Haspel Brothers was one such employer.

3.

The Fund has for one of its purposes the payment of retirement and disability benefits to qualified workers employed by those contributors to the Fund. Plaintiff, Mrs. Crusto, was a participant under the retirement plan of the Fund.

4.

In April of 1972, Mrs. Crusto applied for total and permanent disability retirement benefits from the Fund. The plan which was used to determine plaintiff's eligibility is Joint Exhibit 23 ("Plan # 2"), the plan in effect at the time of plaintiff's application. Joint Exhibit 22 ("Plan # 1") is the plan that was in effect as of the last date of plaintiff's employment on August 5, 1968.

5.

In compliance with the requirements of Plan # 2, plaintiff attached to her application a notice of social insurance award issued by the SSA in connection with plain-

tiff's claim for Social Security disability benefits. Social Security's award indicates that Mrs. Crusto has been totally and permanently disabled since 10/15/70.

6.

In May of 1972, the Fund rejected plaintiff's application for disability benefits. The Fund found that certain prerequisites of Plan # 2 were not met by the plaintiff in her request. More specifically, Plan # 2 requires a finding by the SSA of total and permanent disability as of the *last day of the applicant's employment* and proof that the applicant was employed in the industry for 20 years immediately prior to the date of filing her application.

7.

There is no evidence that Mrs. Crusto sought any assistance from the Union other than general information on retirement possibilities furnished by letter dated March 6, 1972.

## CONCLUSIONS OF LAW

### I.

Plaintiffs' claims for relief against the Fund are asserted pursuant to the requirements of the LMRA, especially 29 U.S.C. § 186. This federal statute is silent in connection with the timeliness of a suit instituted thereunder.

### II.

■ It is well-settled that, "[w]hen such a void occurs, the court has repeatedly 'borrowed' the state law of limitations governing an analogous cause of action"; *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Thus, in order to determine the governing prescriptive period, the Court must initially determine the nature of the cause of action which plaintiffs assert. The Court does not reach this question here since we find that, assuming prescription does not bar plaintiffs' claims against the Fund, plaintiffs have not established that they are entitled to relief against the Fund.

### III.

■■ A reviewing court will intervene in the administration of a pension plan only where the trustees have acted arbitrarily, capriciously or in bad faith, or where their determination is not based on substantial evidence; *Aitken v. IP & GCU—Employee Retirement Fund*, 604 F.2d 1261 (9th Cir. 1979); *Sailer v. Retirement Fund Trust*, 599 F.2d 913 (9th Cir. 1979); *Bueneman v. Central States, Southeast and Southwest Areas Pension Fund*, 572 F.2d 1208 (8th Cir. 1978). This Court finds that the Fund acted arbitrarily and capriciously by applying the requirements of eligibility under Plan # 2 to the plaintiff's request for disability benefits, instead of the requirements of Plan # 1.

Plan # 2 was in effect at the time that plaintiff made her application to the Fund. In order to be eligible for disability benefits, Part II of the Plan provides that:

An Employee who has not attained age 65 years shall be eligible for retirement benefits if he or she has been found totally and permanently disabled by the Social Security Administration and must produce evidence thereof.

This plan also provides as an additional requirement that the applicant:

Was last employed on or after 1/1/69 and has been totally disabled for a period of at least 18 consecutive weeks.

Thus, it is clear from the actual wording of this Plan that it is applicable only to those who were employed on or after January 1, 1969. As stated above, the plaintiff's employment terminated on August 5, 1968. Therefore, the Court finds that the Fund acted in an arbitrary and capricious manner by applying this Plan to plaintiff.

### IV.

■ However, plaintiff has not shown that she could have met the requirements of the plan in effect when plaintiff's employment terminated. Under this Termination Plan:

An Employee who has not attained age 62 years shall be eligible for retirement

benefits only if he or she has been examined by a physician or physicians designated by the Fund and found by the Fund to have become totally and permanently disabled.

It is clear that Plan # 1 requires an examination by a Fund-approved physician or physicians. The Fund failed in their responsibility to have the plaintiff so examined and relied on the SSA determination mandated by Plan # 2. At the time of her application, the Fund no longer appointed physicians.

While the plaintiff complied with the SSA evaluation, the conclusion reached by the SSA indicated that plaintiff was totally and permanently disabled as of 10/15/70, more than two years subsequent to the date of her last employment. The SSA failed to establish the period of disability as of the plaintiff's last date of employment because medical evidence was not available to support such a finding. With regard to the letter of plaintiff's treating physician, Dr. Joseph Epps, dated March 24, 1973, certain statements therein conflict with the reports on disability which he had previously submitted to SSA for their determination. Nor do the doctor's statements in themselves establish the requisite disability or date. Further, it was stipulated by the parties that, if Dr. Epps had been called to testify, he would testify in accordance with the medical reports which had been submitted to the Fund and SSA.

There is no evidence in the record that a Fund-appointed physician would have been able to find total and permanent disability as of the last date of plaintiff's employment. Plaintiffs concede in brief that "It would be vain and useless, at this point, to have plaintiff examined by physicians now to determine whether or not she was disabled as of the time of her application for benefits."

## V.

■ It is incumbent upon the plaintiff in a civil suit to prove each essential element in his case by a preponderance of the evidence if he is to prevail. *Paynes v. Lee*, 362 F.Supp. 797 (M.D.La.1973), *aff'd*, 487 F.2d 1307. This principle applies to proof of damages as well as to proof of liability. *Jones v. United States*, 239 F.Supp. 474 (E.D.La.1965), *aff'd*, 358 F.2d 309.

■ Burden of proof requires that evidence indicate that the facts actually did occur, not merely that it is probable that they occurred. *Dreijer v. Girod Motor Co., Inc.*, 294 F.2d 549 (5th Cir. 1961). Generally, the burden is upon the party seeking to enforce a right to show that all of the prerequisites and conditions precedent have been met. *Fruit & Vegetable Packers & Warehousemen Local 760 v. Morley*, 378 F.2d 738 (9th Cir. 1967).

Evidence that points equally in two directions points in neither and cannot satisfy the burden of proof nor can the defect be cured by the alleged right of the trier of fact to draw inferences and make selections. *N.L.R.B. v. Patrick Plaza Dodge, Inc.*, 522 F.2d 804 (4th Cir. 1975); *Dreijer, supra.*

## VI.

While acknowledging the evidentiary void, plaintiff has not shown that she satisfied the requirements for eligibility under *either* plan. *Contra: Norton v. IAM National Pension Fund*, 553 F.2d 1352 (C.A.D. C.1977); *Danti v. Lewis*, 312 F.2d 345 (C.A. D.C.1962); *Agro v. Joint Plumbing Industry Board, et al.*, 471 F.Supp. 856 (S.D.N.Y. 1979).

■ Nor is this Court possessed of such powers as might permit it, *sua sponte*, to make a retrospective determination such as is requested by plaintiffs in the absence of evidence to the effect that plaintiff could have been found disabled, either by a physician or the SSA, on the last day of her employment with Haspel Brothers. Plaintiffs have not offered even private physician reports indicating that Mrs. Crusto was receiving medical attention indicative of a permanent disability when she retired, nor can any circumstantial expert evidence from which the Court could infer that her condition on that critical date when she left

Haspel Brothers warranted her eligibility for those benefits available under either plan.

In summary, this Court does not have any evidence of disability as of the critical date; the plaintiffs concede that evidence developed today would not be helpful, and the Court is without the ability to retrogress in time to fathom the plaintiff's condition as of the requisite date; simply put, there is just no proof of disability as of the applicable date.

## VII.

■ It is clear that trustees have authority to prescribe criteria for eligibility. *Collins v. United Mine Workers of America Welfare & Retirement Fund of 1950, et al.,* 298 F.Supp. 964 (D.C.D.C.1969).

■ Nor can the Court find it arbitrary, capricious, or unreasonable for the Plan to require that disability exist as of the last date of the plaintiff's employment.

Generally, a pension fund can rely on the SSA determination of eligibility. *Fase v. Seafarers Welfare & Pension Plan,* 432 F.Supp. 1037 (E.D.N.Y.1977). If the substance of the SSA finding is contested, remedy is found within that agency. *Vaughan v. Metal Lathers Local 46 Pension Fund,* 474 F.Supp. 613 (S.D.N.Y.1979).

## VIII.

Nor can equitable principles afford relief in this situation. There has been no evidence presented relative to detrimental reliance. *Gordon v. ILWU–PMA Benefits Fund,* 616 F.2d 433 (9th Cir. 1980); *Scheuer v. Central States Pension Fund,* 358 F.Supp. 1332 (E.D.Wisc.1973).

Thus, the Court holds that plaintiffs are not entitled to judgment against the Fund.

## IX.

■ Plaintiff's claim for relief against the Union is essentially a cause of action for breach of its duty of fair representation arising out of the LMRA. As no specific period of prescription is set forth, the applicable state statute of limitations must be applied, for reasons set forth heretofore.

*DeArroyo v. Sindicato de Trabajodores Packing House, AFL–CIO,* 425 F.2d 281 (1st Cir. 1970), held that the state statute of limitations for tort actions should apply to fair representation actions, and rejected an attempt to apply the more lengthy state limitation period for contract actions. *Accord: Sanderson v. Ford Motor Co.,* 483 F.2d 102 (5th Cir. 1973). This Court concurs in that result. We believe that the plaintiff's action against the Union is properly characterized as a tort action and not as one in contract. As such, plaintiff's action against the Union is barred by the one-year prescriptive period of Louisiana Civil Code article 3536 applicable to offenses and quasi-offenses. *See Bonvillian v. Louisiana Coca-Cola Co., Ltd.,* 367 So.2d 1349 (La.App. 1979).

## X.

■ Further, it is clear that the Fund is, by its very nature, an entity totally separate and beyond the absolute control of the Union. The record is devoid of any facts which would support a finding of liability on the part of the Union.

It is clear that the defendant Union performed all duties it might have had to insure that plaintiff's application was brought to the attention of the Fund, as is evidenced by the Fund's rejection of that application. It has been stipulated by the parties that Mrs. Crusto sought no other assistance from the Union with regard to her pension application. No internal grievance procedure was initiated by her against the Union. Without such an invocation, the Union is not required to assist plaintiff. *Cox v. U. S. Gypsum Co.,* 284 F.Supp. 74 (N.D.Ind.1968).

## XI.

■ Finally, it is clear that a union's duty of fair representation arises not out of a collective bargaining agreement but out of the federal statute. 29 U.S.C.A. § 158(b), § 159(a). *Ford Motor Co. v. Huffman,* 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953). Any such duty imposed on the

Union is limited to the context of employee relations *vis-a-vis* the *employer*. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Smith v. Local No. 25 Sheet Metal Workers International Assn.*, 500 F.2d 741 (5th Cir. 1974).

Therefore, the Union's duty of fair representation is not applicable to a dispute by or against the Fund.

## CONCLUSION

In summary, there is no way to now satisfy the condition precedent to liability— i. e., that plaintiff was disabled as of the last date of her employment. The only medical evidence available establishes the onset of her permanent disability two years thereafter. There is no evidence of an August 5, 1968 permanent disability. To give that effect to the SSA determination issued on November 11, 1971, not only requires the Court to engage in pure guesswork, but to read out of that finding that the plaintiff "has been under a disability *since* 10/15/70". (Emphasis added). The word "since" indicates to this Court a time of commencement, of a continuing event, and not merely a period of time during which a specific condition was found to exist. Accordingly,

Judgment will be entered in favor of the defendants, the Amalgamated Insurance Fund and Amalgamated Clothing Workers of America (AFL–CIO), and against the plaintiffs, Mrs. Dorothy Crusto and her husband, Manuel M. Crusto, each party to bear its own costs.