OPINION OF THE COURT
William H. Keniry, J.
Petitioners in this CPLR article 78 proceeding challenge the constitutionality of section 243 of the Military Law upon the ground that it allegedly violates the Equal Protection Clause of the Fourteenth Amendment of the US Constitution.
All of the 17 petitioners are active police officers who are members of the Suffolk County Police Department. Each petitioner is a member of and participant in the respondent New York State Policemen’s and Firemen’s Retirement System (retirement system) which is administered by the respondent Edward V. Regan, Comptroller of the State of New York. The petitioners for purposes of this proceeding have incorporated as their statement of facts, the background statement set forth in Wayne Zurl’s verified petition. Since each petitioner raises an identical claim, the court will accept the petitioners’ representation of facts as recited in the Zurl petition.
Every petitioner, before entering public service, served in the United States Armed Services and was honorably discharged. Each entered into law enforcement careers and became members of the retirement system after their military service was completed. Each petitioner recently applied for pension credit from the retirement system for his years of active military service. The Comptroller rejected each application and denied each individual request for pension credit upon the ground that each petitioner had not been employed by a participating public employer prior to commencing mili *225 tory service and thus were not members of the retirement system when they entered military service. With the exception of petitioners Maida and Flanagan, each petitioner unsuccessfully filed an administrative appeal from the Comptroller’s denial.
Petitioners argue that respondents’ determinations were arbitrary, capricious and in error of law contending there is no rational basis for distinguishing between retirement system members who served in the military prior to commencing public employment and those members who interrupted their public employment in order to serve in the military. Petitioners contend that they have been denied equal protection of the law solely by virtue of the fact that their military service predated the commencement of their public employment.
Respondents deny the material allegations of the petition and contend that the denial of pension credit to each petitioner for military service performed before commencing public employment was warranted and is lawful.
Military Law § 243 (4) provides in pertinent part that:
"4. Pensions. Any public employee who is a member of any pension or retirement system may elect, while on military duty, to contribute to such pension or retirement system the amount which he would have contributed had his employment been continuous and upon making such contribution he shall have the same rights in respect to membership in the retirement system as he would have had if he had been present and continuously engaged in the performance of the duties of his position.
"Time during which a member is absent on military duty shall not constitute an interruption of continuous employment, but such time shall not be counted or included in determining the length of total service unless such member contributes to the retirement system the amount he would have been required to contribute if he had been continuously employed during such period.”
Retirement and Social Security Law § 341 which governs the computation of service allowances in the Policemen’s and Firemen’s Retirement System states:
"a. Generally. Subject to all provisions of law appertaining thereto and to such reasonable rules and regulations as the comptroller shall adopt or amend in pursuance thereof, he shall determine and may modify allowances for service and shall issue prior service certificates and certificates for service *226 in war after world war I. The comptroller, however, shall not allow more than one year of credit for all service rendered in any calendar year.
"b. Allowable service. Only the following types of service shall be allowable in computing service credits * * *
"6. Civil service in any capacity as an officer or employee of the federal government, or military duty in the armed forces of the federal government and not otherwise creditable, rendered or performed by a member prior to the time he last became a member. The allowance of credit for such service shall be conditioned upon the receipt by the policemen’s and firemen’s retirement system of all the payments required to be made on account thereof by section three hundred forty-two of this article.”
A reading of the above-entitled statutes establishes that the respondents followed existing law in denying the additional retirement credits sought by each petitioner. Petitioners argue that the law impermissibly discriminates against veterans who served their country before commencing public service careers. In support of their position they cite the case of Alabama Power Co. v Davis (431 US 581). The United States Supreme Court in Alabama Power Co. held that under the Veteran’s Re-employment Rights Act (38 USC §2021) an employee who leaves a job to serve in the military is entitled to pension protection during such absence. Present New York law satisfies the Alabama Power Co. rule. Any current New York State retirement system member who leaves public employment for military service receives pension credit for such military service upon reemployment provided the member makes any required contributions into his or her retirement account.
Before discussing the merits of petitioners’ equal protection argument, the court first must examine the propriety of challenging the constitutionality of a statute in an article 78 proceeding. The general rule is that an article 78 proceeding is not the proper vehicle to raise such a challenge (Press v County of Monroe, 50 NY2d 695). However, the court can remedy this procedural infirmity under CPLR 103 (c) and reach the merits by converting the article 78 proceeding into an action for a declaratory judgment (Matter of Devereaux v New York State Teachers’ Retirement Bd., 75 AD2d 277, 281). This the court hereby does and converts this CPLR article 78 proceeding into an action for a declaratory judgment.
As so transformed, respondents’ Statute of Limitations de *227 fense is without merit. The petitioners have raised a legitimate challenge to the application of statutes which defeats their respective claims to pension credit for their years of military service. All pursued administrative proceedings which resulted in rejection of their claims. In his decision in the Zurl proceeding, Hearing Officer DeForest C. Pitt specifically stated that "[Constitutional questions or inquiries are resolved in another forum”.
A legislative enactment has a strong presumption of constitutionality (People v Smith, 63 NY2d 41, 71, cert denied 469 US 1227; Wasmuth v Allen, 14 NY2d 391, appeal dismissed 379 US 11). The burden of proof of establishing the unconstitutionality of a statute rests upon the challenging party (Matter of Kings County Light. Co. v Maltbie, 244 App Div 475). "To constitute a denial of equal protection there must be a purposeful and systematic discrimination designed to favor one individual or class * * * with no rational basis for a differentiation between them” (Matter of Posner v Rockefeller, 31 AD2d 352, 353).
There is no doubt that the legislation being challenged is discriminatory. It singles out one class of individuals to receive a special benefit, i.e., those members of a New York retirement system who leave their public employment for military duty and subsequently resume public employment after the military service is concluded. The statutes afford no protection to the petitioners who commenced public employment after their military service concluded. Section 243 of the Military Law and section 341 of the Retirement and Social Security Law confer a special benefit upon a certain class of government employees and accord them the right to secure pension credit for their period of military service. In the Alabama Power Co. v Davis (431 US 581, supra) decision, the Supreme Court expressly held that under the Veteran’s Reemployment Rights Act such treatment of employees, public or private, who leave a job for military service then subsequently return to their employment is required. Petitioners have in this case failed to sustain the burden of establishing that the Legislature lacked a rational basis for its decision to enact the statutes in question (Matter of Figueroa v Bronstein, 38 NY2d 533, appeal dismissed sub nom. Figueroa v Director, N. Y. City Dept. of Personnel, 429 US 806).
The proceeding is dismissed, without costs.